UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GINA VERDEZA, Individually and as
The Personal Representative of the Estate of
Jonathan Carvajal, Deceased,

        CASE NO: 23-CV-00564

    Plaintiff,

v.

TESLA MOTORS, INC. and
TESLA MOTORS FL, INC.

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, Tesla Motors, Inc. (n/k/a Tesla, Inc.[1]) ("Tesla") hereby removes this case, pending in the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida, Case No. CA23-1180, to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, and Local Rule 1.06. This Court has original jurisdiction over the civil lawsuit because Tesla and Plaintiff are citizens of different states, the citizenship of Tesla Motors FL, Inc. is irrelevant because it is fraudulently joined, and the amount in controversy

---

[1] See attached hereto as **Exhibit 6** filings with the Florida Department of State evidencing Tesla Motors, Inc.'s name change to Tesla, Inc.

exceeds $75,000, exclusive of interest and costs. In further support of its Notice of Removal, Tesla states as follows:

## I. BACKGROUND

1. On March 24, 2023, Plaintiff filed this product liability action in the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida. Plaintiff alleges that the decedent, Jonathan Carvajal died as a result of defects with his 2022 Tesla Model Y. *See* Compl. (attached as **Exhibit 1**).

2. Tesla was served with the Complaint on April 11, 2023. Pursuant to 28 U.S.C § 1446(a) and Local Rule 1.06(b), copies of all process, pleadings, and orders that have been filed and served, a copy of each paper docketed in the state court, and a copy of the docket are attached as **Composite Exhibit 2**.[2]

## II. VENUE

3. In accordance with 28 U.S.C. 1441(a), venue lies in the United States District Court for the Middle District of Florida, Jacksonville Division, because the state court action was filed within this judicial district and division.

---

[2] Other than the Complaint, which is attached as **Exhibit 1**. The Docket Sheet is attached as **Exhibit 7**.

### III. DIVERSITY JURISDICTION

**a. There is diversity of citizenship between Tesla and Plaintiff.**

4.  Complete diversity exists between Tesla Motors, Inc. (n/k/a Tesla, Inc.) ("Tesla") and Plaintiff.

5.  Tesla is now, and was at the time the Complaint was filed, a corporation incorporated in the state of Delaware with its principal place of business in the state of Texas. *See* Declaration of Emmanuelle Stewart ("Stewart Decl."), ¶ 4 attached as **Exhibit 3**; s*ee also* Entity Detail from the Florida Department of State, Division of Corporations, attached hereto as **Exhibit 4**; *see also Monet v. Tesla, Inc.*, No. 5:22-cv-00681-EJD, 2022 WL 2714969 (N.D. Cal. July 13, 2022) (recognizing Tesla is a citizen of Texas and Delaware for purposes of diversity analysis).

6.  Based on information and belief and the allegations in Plaintiff's Complaint, Plaintiff is a citizen of Florida. Compl. at ¶¶ 1-3.

7.  Because Plaintiff is a citizen of Florida and Tesla is a citizen of Delaware and Texas, there is complete diversity of citizenship between Plaintiff and Tesla.

**b. Tesla Motors FL, Inc. is fraudulently joined.**

8.  The Court should disregard the citizenship of Tesla Motors FL, Inc. because it is fraudulently joined. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154

F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."); *Bouie v. American General Life and Acc. Ins. Co.*, 199 F. Supp. 2d 1259, 1262 (N.D. Fla. 2002) ("A party who has been 'fraudulently joined,' however, may be disregarded for purposes of determining whether there is diversity.")

9. Fraudulent joinder provides an exception to the requirement of complete diversity in three instances where: (1) there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Toskich v. J.H. Investment Services, Inc.*, 806 F. Supp. 2d 1224, 1227 (M.D. Fla. 2011) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1988)).

10. Further, a defendant is fraudulently joined where there is no "reasonable basis" for the claim against it. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). While some cases state that "no possibility" of a claim must exist, courts have explained that this language should not be taken literally and the more accurate standard is whether "no reasonable basis" exists for the claim alleged. *See, e.g.*, *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) ("The potential for

legal liability 'must be reasonable, not merely theoretical.' In considering possible state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.' ") (emphasis in original); *Crowe*, 113 F.3d at 1542.

11. Once the removing party makes a showing of fraudulent joinder, that party "is entitled to have its case heard in federal court, unless the non-removing party . . . comes forward with significant, probative evidence demonstrating the existence of a genuine issue of material fact with respect to the claim of fraudulent joinder." *Campana v. Am. Home Prods. Corp.*, No. 1:99cv250 MMP, 2000 WL 35547714, at *3 (N.D. Fla. Mar. 7, 2000); *see also Shannon*, 2015 WL 2114055, at *4 ("[T]he plaintiff generally must come forward with some evidence to dispute the sworn statements in the affidavit.") (citing *Legg*, 428 F.3d at 1323–25).

12. Here, there is no reasonable basis for the claims against Tesla Motors FL, Inc., nor any possible way Plaintiff can establish a case against Tesla Motors FL, Inc.

13. Plaintiff's allegations in the Complaint that Tesla Motors FL, Inc. designed, engineered, manufactured, assembled, produced, distributed, and sold the subject Tesla Model Y at issue in the litigation are false. (Decl. of K. Auerbacher, attached as **Exhibit 5**.)

14. As laid out in the attached affidavit, Tesla Motors FL, Inc. had no role the design, manufacture, production, assembly, sale, marketing, or anything else of the subject vehicle. (Auerbacher Decl. at ¶¶ 4-6.) All those functions would have been performed, if at all, by Tesla, Inc.

15. Tesla Motors FL, Inc. also had no role in the creation or distribution of Owner's Manual or any other warnings associated with the Tesla Model Y at issue, and made not warranties or representations to the decedent regarding the vehicle. (Auerbacher Decl. at ¶¶ 5-6.)

16. Further, the decedent's contract with Tesla to purchase the vehicle only included Tesla, Inc. (a/k/a Tesla Florida, Inc.). *See* Retail Installment Contract, attached to Stewart Decl. as Exhibit A. There is no record that the decedent entered into any contract or otherwise had any interaction with Tesla Motors, FL, Inc. (Auerbacher Decl. at ¶ 8.) In fact, Tesla Motors FL, Inc. has no employees. (Auerbacher Decl. at ¶ 7.)

17. Since there is no possibility that Plaintiff can prove a cause of action against Tesla Motors FL, Inc., it should not be considered for purposes of diversity jurisdiction or the forum defendant rule. *Durrah v. Bowling Green Inn of Pensacola, LLC*, No. 3:20cv5234-TKW-EMT, 2020 WL 8910885, at *3 (N.D. Fla. Apr. 15, 2020) (dismissing fraudulently joined defendant because there is no possibility that plaintiff can establish a cause of action against that defendant).

18. In sum, there is complete diversity between the actual parties—Tesla, Inc. and Plaintiff.

### c. The amount in controversy exceeds $75,000.

19. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20. Here, Plaintiff has brought a wrongful death action and is seeking all damage recoverable under the Florida Wrongful Death Act for the decedent's minor beneficiaries and surviving wife of the decedent. (*See generally* Compl.)

21. "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

22. While Tesla does not concede or admit that any of Plaintiff's claims have legal or factual merit, it is clearly evident from the Complaint and the claims at issue that the amount in controversy exceeds the jurisdictional threshold.

## IV. PROCEDURAL REQUIREMENTS

**a. Removal is timely and all procedural requirements are met.**

23. Tesla, Inc. (aka Tesla Motors, Inc.) was served with the Complaint on April 11, 2023. *See* Composite **Exhibit 2**. Tesla filed this notice of removal within 30 days of the service of the summons and Complaint. Thus, removal of this lawsuit is timely under 28 U.S.C. § 1446.

24. Tesla Motors FL, Inc. need not consent to this removal because, as set forth above, it is fraudulently joined. *See Campana v. American Home Products Corp.*, No. 1:99cv250 MMP, 2000 WL 35547714, at *5 (N.D. Fla. Mar. 7, 2000) ("[C]ourts, when applying the 'unanimity rule,' have often held that removing defendants need not obtain the consent of fraudulently joined co-defendants."). Nonetheless, Tesla Motors FL, Inc. consents to removal.[3]

25. The Circuit Court of the Seventh Judicial Circuit in and for St. Johns County is located in the Middle District of Florida. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division with which such action is pending…." (28 U.S.C. § 1446(a)).

---

[3] Tesla Motors FL, Inc. is represented by the undersigned counsel and counsel confirms Tesla Motors FL, Inc. consents to removal.

26. Under 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the state court where the action was pending.

Dated: May 11, 2023                    Respectfully submitted by:

/s/ *Nina C. Welch*
**NINA C. WELCH**
Fla. Bar No. 118900
**NELSON MULLINS**
One Financial Plaza
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Fax: (954) 713-0969
nina.welch@nelsonmullins.com
herold.labissiere@nelsonmullins.com
***Counsel for Tesla Florida, Inc. a/k/a Tesla, Inc. and Tesla Motors FL, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2023 the foregoing document was filed with the Clerk of the Court using CM/ECF. I further certify that the foregoing document was served on counsel whom have provided designated e-mail addresses for service via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Nina C. Welch*
Nina C. Welch